IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04621-PAB

RONALD ALEXANDER CASTANEDA AGUIRRE,

Petitioner,

v.

TODD BLANCHE, in his official capacity as the Attorney General of the United States of America, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Ronald Alexander Castaneda Aguirre's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 7. The Court requested supplemental briefing as to petitioner's previous bond conditions and the circumstances of his present detention. Docket No. 8. Petitioner submit supplemental briefing, Docket No. 9, which respondents did not respond to.

## I. BACKGROUND[1]

Petitioner was born in El Salvador, where petitioner "suffered severe, state-sponsored persecution." Docket No. 1 at 5-6 ¶¶ 18-20. Owing to that persecution, petitioner first entered the United States in 2017 and received a reasonable fear

---

[1] As described further below, respondents indicate that they are "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 7 at 1-2. Accordingly, the Court draws all facts from Mr. Castaneda Aguirre's petition and supplemental briefing.

screening for his asylum claim. *Id*. at 6, ¶ 21. Nonetheless, petitioner was ordered removed and deported to El Salvador on July 6, 2018. *Id.*, ¶ 22. After suffering renewed persecution in El Salvador, petitioner reentered the United States and was detained by immigration officials on September 8, 2021. *Id.*, ¶¶ 22-23. On July 19, 2023, petitioner was granted $2,500 bond and released from immigration custody with no additional terms of release. *Id.* at 7, ¶ 28; Docket No. 9 at 2. On June 9, 2025, petitioner was convicted of driving under the influence and possession of marijuana. Docket No. 9 at 2. After serving his criminal sentence, petitioner was transferred directly to immigration custody. *Id.* Petitioner did not receive a notice to appear or a warrant upon transfer to immigration custody and has not been afforded a new bond hearing since. *See* Docket No. 1 at 2, ¶ 1 (petitioner requesting "an individualized, constitutionally compliant bond hearing"); Docket No. 9 at 2.

On September 18, 2026, petitioner filed his petition, claiming that his ongoing detention is "prolonged and thus violates his right to due process" under the Fifth Amendment. Docket No. 1 at 16, ¶ 64. Petitioner requests an order either granting his immediate release or requiring respondents to "conduct an individualized, constitutionally compliant bond hearing." *Id.* at 17. In their response, respondents state that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 7 at 1-2. In addition, they indicate their "recogni[tion] that the Court may then decide to grant the Petition" and "submit that if the Court does grant the Petition, the appropriate habeas relief in the form of a bond hearing or release." *Id*. at 2.

## II. ANALYSIS

The Court considers petitioner's due process claim. *See* Docket No. 1 at 16, ¶ 64. Having been detained within the borders of the United States after previously being released on bond, petitioner's detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Section 1226(a) states that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." So long as the alien has not committed one of the crimes outlined in § 1226(c)[2], the Attorney General has the authority to "release the alien on . . . a bond of at least $1,500." *Id*. § 1226(a)(2). While the Attorney General likewise has the statutory authority to "revoke a bond" and "rearrest the alien under the original warrant," *id.* § 1226(b), such revocation must comport with the principles of Fifth Amendment due process. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) ("Even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody.") (collecting cases); *Singh v. Cerna*, 2026 WL 2242498, at *5 (W.D. Okla. Aug. 4, 2026), *report and recommendation adopted*, 2026 WL 2364443 (W.D. Okla. Aug. 14, 2026) ("Because § 1226(b) governs the revocation of Petitioner's bond, he is owed the due process provided to him under the statute.").

---

[2] The government does not argue that petitioner's convictions for driving under the influence and for possession of marijuana require mandatory detention under § 1226(c). *See generally* Docket No. 7.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released on bond. Thus, the government necessarily determined that petitioner was not, at that time, a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not argue that petitioner's subsequent convictions represent a change in circumstance that alters that initial determination and he has not received another hearing considering the issue. *See generally* Docket No. 7. Accordingly, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because

"civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest."). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's release. While respondents "submit that if the Court does grant the Petition, the appropriate habeas relief [is] in the form of a bond hearing or release," respondents do not explain why this relief is proper in light of their failure to contest the allegations in the petition. *See* Docket No. 7 at 2. Thus, the Court will grant the habeas petition and order petitioner's release. *See Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Ronald Alexander Castaneda Aguirre's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's initial release. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED October 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge