IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-04621-PAB

RONALD ALEXANDER CASTANEDA AGUIRRE,

Petitioner,

v.

TODD BLANCHE, in his official capacity as the Attorney General of the United States of America, et al.,

Respondents.

---

**MINUTE ORDER**

---

**Entered by Judge Philip A. Brimmer**

This matter is before the Court on petitioner's Motion to Enforce the Court's October 27, 2026, Order [Docket No. 11]. On September 18, 2026, petitioner filed a habeas petition seeking release from immigration detention. Docket No. 1. Respondents' response, filed September 29, 2026, indicated that they were "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recogniz[ing] that the Court may then decide to grant the Petition and award appropriate relief." Docket No. 7 at 1-2. After supplemental briefing, the Court granted the petition on October 27, 2026, and ordered respondents to "release petitioner from custody within 48 hours of the issuance of th[e] order." Docket No. 10.

On October 29, 2026, petitioner filed the motion to enforce, indicating that "Respondents pretended they were releasing Petitioner and walked him out of the Denver Contract Detention Facility," but, once outside, he was "greeted by Immigration and Customs Enforcement . . . agents, who immediately re-detained him." Docket No. 11 at 2. On October 30, 2026, the Court ordered respondents to respond to petitioner's motion. Docket No. 12. On November 2, 2026, respondents filed a response confirming petitioner's general description of the events and representing that they "w[ould] not be submitting a brief that argues that the current detention is lawful." Docket No. 14 at 1-2. On November 5, 2026, respondents filed a supplemental status report informing the Court that petitioner had been released from custody. Docket No. 15.

Given that petitioner has been released from custody, his motion to enforce is now moot. Still, the Court finds it necessary to impose additional conditions to ensure

that its orders are complied with. *See* 28 U.S.C. § 2243 (directing courts to "dispose of [habeas] matter[s] as law and justice require").

Therefore, it is

**ORDERED** that petitioner's Motion to Enforce the Court's October 27, 2026, Order [Docket No. 11] is **DENIED as moot**. It is further

**ORDERED** that respondents may not re-detain petitioner without advance notice to this Court. Such advance notice shall state the statute or regulation providing authority for respondents' detention of petitioner and represent that any procedures required by such statute or regulation to detain petitioner have been complied with prior to detention.

DATED November 6, 2026.